LOUIS ALPERN, PLAINTIFF-APPELLANT, v. BARNEY STREIFF, DEFENDANT-RESPONDENT.

Decided March 1, 1927.

**Sale of Real Estate—Agent's Commissions—Contract Provided For a Commission to be Paid For "Services Rendered"— Sale was Not Consummated, and District Court Directed a Verdict For Defendant on That Ground—Held, That Contract Did Not Provide For Consummation of Sale.**

On appeal from the Perth Amboy District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Leo L. Lowenkopf.*

For the respondent, *David T. Wilentz.*

PER CURIAM.

There was a judgment entered on a directed verdict in the Perth Amboy District Court in favor of the defendant against the plaintiff. From this judgment the plaintiff below appeals. The action was tried before the court, sitting with a jury. The plaintiff sued to recover a commission which he claimed he had earned by procuring a purchaser for the premises owned by the defendant, for the sum of $18,250.

By the state of the case agreed upon between the attorneys of the respective parties, it appears that on the 20th day of April, 1925, the defendant gave to the plaintiff exclusive authority to sell the premises Nos. 274-276 Hobart street, Perth Amboy, New Jersey, said defendant being the owner of the property.

This authorization was in writing and contains the following clause: "In the event that the said Louis Alpern procures a purchaser upon the above terms or such terms as may be accepted by me, then I do hereby agree to pay the said Louis Alpern two and one-half per cent. on the sale price as his commission."

The plaintiff procured two purchasers for the property of the defendant upon terms suitable and acceptable to the latter, and, thereupon, the defendant entered into a written contract with the said purchasers on the 23d day of April, 1925, to convey to them the said property for the sum of $18,250.

The contract of sale contains this clause: "And the said party of the first part hereby agrees to pay to Louis Alpern a commission of two and a half per cent. on the purchase price aforesaid, said commission to be paid in consideration of services rendered.

It was also stipulated, in substance, between the parties to the contract of sale, that part of the consideration to be paid for the property shall consist of a first mortgage of the sum of $5,000, which was to be placed upon the property contracted to be conveyed to the party of the second part, and which shall be assumed by the party of the second part, and which first mortgage was to be raised by the party of the

first part at his own expense. In case he was unable to do so by June 1st, 1925, then the party of the second part was to have an additional thirty days in which to place such mortgage, and in the event that neither party was able to place this mortgage, as indicated, then the contract of sale should be canceled and be of no effect, and the deposit money was to be returned. Neither party succeeded in having a mortgage placed upon the property and the contract was canceled.

A motion was made on behalf of the plaintiff for a direction of a verdict in his favor for the amount of the commission sued for against the defendant, which motion was denied, and an exception was taken to the court's ruling. The court charged the jury to bring in a verdict for the defendant against the plaintiff, stating that no sale having been effected by reason of the fact that the mortgage had not been negotiated, and there being no actual consummation of the contract, the broker was not entitled to the commission. The court also charged that the option of the contract specifically provided that in the event that neither the principal nor the purchaser should place a mortgage that the contract of sale should not be binding and should become null and void, and the contract having become null and void, because of the inability to place such mortgage, the agreement to pay commission also became null and void. Counsel of plaintiff took an exception to this ruling.

We are unable to find anything in the written authorization given to the plaintiff to sell the property that makes the payment to him dependent upon a consummation of the sale. On the contrary, we find in the contract of sale an express declaration by the defendant that the commission shall be paid to the plaintiff in consideration of services rendered. The court was in error in directing a verdict for the defendant. A verdict should have been directed in favor of the plaintiff for the amount of the commission.

The judgment is reversed, and judgment directed to be entered in favor of the plaintiff against the defendant for the sum of $456.25.